IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
    v.                         )   Criminal No. 11-121
                               )
JAMES ANTHONY DIXON, et al.    )

O P I N I O N

DIAMOND, D.J.

On June 7, 2011, a grand jury returned a one-count indictment against nine defendants charging them with conspiracy to distribute and possess with intent to distribute a quantity of oxycodone in violation of 21 U.S.C. §846. To date, two of the nine defendants, Kimberlee Anne Dayton and Khiawatha Rahiem Downey, have entered guilty pleas and await sentencing.

Presently before the court are several pretrial motions filed by defendants James Anthony Dixon, Eric Jye Kisner, Tina Louis Samolovitch and Downey.[1] Although Downey pled guilty subsequent to his filing of pretrial motions, Dixon, John Henry Minor and Jennifer Alexxis Magura filed motions to adopt the motions filed by their co-defendants, which the court granted prior to the entry of Downey's plea. Thus, Downey's motions, as adopted by Dixon, Minor and Magura, remain pending. The government has filed an omnibus response to all of the pre-trial motions.

---

[1] Defendants Rachel Ann McGovern and Zachary Grant Janaszek did not file any pretrial motions nor did they move to join any of their co-defendants' pretrial motions.

## Motions for Bill of Particulars

Dixon (#166 & 201), Samolovitch (#158-2) and Downey (#194, adopted by Dixon, Minor and Magura) have filed motions for a bill of particulars which request, inter alia, times, dates, places and the manner in which the defendants are alleged to have participated in the conspiracy. These motions will be denied.

A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005). The purpose of a bill of particulars is to inform the defendant adequately of the nature of the charges brought against him so as to enable him to prepare his defense, to avoid surprise during the trial, and to protect him against a second prosecution for an inadequately described offense. Id. The granting of a bill of particulars is within the discretion of the district court. United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir. 1991).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the government's investigation, but is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation. United States v. Smith, 776 F.2d 1104 (3d Cir. 1985). Here, the information contained in the Indictment is sufficient to place the defendants on notice of that with which they have been charged and to permit them to conduct

AO 72
(Rev. 8/82)

their own investigations and adequately prepare their defenses. Accordingly, the defendants' requests for a more specific "when, where and how" of the charges against them are tantamount to requests for wholesale discovery of the government's evidence, which is not a proper purpose for a bill of particulars. See United States v. Armocida, 515 F.2d 49 (3d Cir. 1975).

Moreover, the Assistant United States Attorney already has provided additional discovery to each of the defendants, including cd's containing search warrants and affidavits, prescriptions, and laboratory and computer reports, all of which provide more detailed information regarding the evidence against each defendant. It long has been recognized that in considering a motion for a bill of particulars, the court may consider any information conveyed to the defendant beyond the allegations of the indictment. United States v. Kenny, 462 F.2d 1205, 1212 (3d. Cir. 1972). Given the state of the record, the court is satisfied that the defendants have been provided with more than adequate information on the particulars of the offense charged to permit them to prepare adequately for trial. Accordingly, all of the motions for a bill of particulars will be denied.

## Motions to Compel Discovery

Dixon (#165), Samolovitch (#158-1) and Downey (#199, adopted by Dixon, Minor and Magura) have filed motions for discovery

requesting the disclosure of materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as requests for exculpatory and impeachment material under the Brady doctrine.[2] These motions will be granted in part and denied in part.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. §3500) and materials available pursuant to the "Brady doctrine." Id.

In response to the discovery motions, the government has acknowledged its obligations under Rule 16(a) and indicates that it has complied and will continue to comply with the requirements of that Rule. The government further indicates in its response that it is unaware of the existence of any exculpatory Brady material pertaining to any of the defendants, and that it will disclose any Brady impeachment material, along with Jencks material, prior to trial.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

4

As to the timing of the required disclosures, it is well settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983).

Therefore, should the government discover the existence of any exculpatory Brady evidence as to any of the defendants, such evidence shall be disclosed immediately. As to impeachment material, the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44, n.6). Given the nature of this case, disclosure of Brady impeachment material no later than ten days prior to trial is sufficient to protect the due process rights of the defendants and to ensure that trial delay is avoided.

As the government is cognizant of its discovery obligations, and has stated its intent to fulfill those obligations if it already has not done so, the discovery motions will be granted in part and denied in part, and the following order will be entered:

1) The government shall disclose all Brady exculpatory material forthwith;

AO 72
(Rev. 8/82)

2) The government shall disclose all <u>Brady</u> impeachment material and Rule 16(a) material no later than ten days prior to trial;

3) The government shall disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material no later than ten days prior to trial.

4) To the extent defendant requests information not discoverable under Rule 16, <u>Brady</u> or the Jencks Act, the motion will be denied.

## Motions for Early Disclosure of Jencks Act Materials

Dixon (#202), Samolovitch (#158-4), Kisner (#205) and Downey (#196, adopted by Dixon, Minor and Magura) have filed motions requesting early disclosure of Jencks Act materials.

The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. <u>United States v. Weaver</u>, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

There is no authority by which courts can order the government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial.

6

Accordingly, the motions for early disclosure of Jencks material will be denied. However, as already noted the court will enter an order encouraging the government to provide these materials to the defendants no later than 10 days prior to trial.

Motions for Disclosure of Rule 404(b) Evidence

Kisner (#206), Samolovitch (#158-3) and Downey (#197 & 198, adopted by Dixon, Minor and Magura) have filed motions requesting that the government be required to provide notice of any evidence that it intends to use under Rule 404(b) of the Federal Rules of Evidence. These motions will be granted in part and denied in part.

Fed.R.Evid. 404(b) permits the admission of evidence of other crimes, wrongs or acts for certain enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial. Evidence is admissible under Rule 404(b) if: (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002).

7

Rule 404(b) provides no specific time limit for pretrial notice and what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that seven to ten days prior to trial is sufficient notice under the rule. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In response to the motions, the government states its belief that all of the evidence in its possession is intrinsic to the charged conspiracy and that it does not intend to introduce any uncharged misconduct evidence under Rule 404(b). However, the government also acknowledges its responsibility to disclose promptly any evidence of which it subsequently becomes aware that it may intend to use under Rule 404(b).

Accordingly, the court will enter an order granting in part the defendants' motions and requiring the government, no later than ten days prior to trial, to provide notice of any evidence that may fall under Rule 404(b) that it subsequently decides it may intend to use at trial.[3]

---

[3] The motions filed by Kisner and Downey also seek the exclusion of any Rule 404(b) evidence. To the extent the defendants seek the exclusion of any potential Rule 404(b) evidence, their motions will be denied without prejudice as premature.

8

## Motions to Preserve Evidence

Kisner (#208) and Downey (#191, adopted by Dixon, Minor & Magura) have filed motions requesting that the government be required to preserve evidence and, specifically, to require federal and state law enforcement officers to retain rough notes and writings which may constitute Brady or Jencks materials.

The government has an obligation to retain the requested materials pursuant to United States v. Ramos, 27 F.3d 65 (3d Cir. 1994), Ammar v. United States, 714 F.2d 238 (3d Cir. 1983) and United States v. Vella, 562 F.2d 275 (3d Cir. 1977). Accordingly, the court will enter an order granting the motions and requiring the government to preserve any such materials.

## Motion For Notice of Evidence Arguably Subject to Suppression

Kisner (#207) has filed a motion requesting that the court order the government to provide notice of its intention to use any evidence at trial which may be the subject of a suppression motion. The government notes that Kisner already has been provided with discovery consisting of an incident report, his prior criminal history, and 2 discovery cd's containing search warrants, prescriptions, lab reports, computer reports and an affidavit of probable cause. As it appears that the government already has provided Kisner with the information he seeks, his motion will be denied as moot.

9

### Motion for Disclosure of Immunity, Leniency, Plea Bargains

Kisner (#204) has filed a motion pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), specifically requesting that the government disclose any plea bargains, preferential treatment, promises made to potential witnesses, grants of immunity or any other such promises of, or agreements for, leniency.

In essence, this motion requests <u>Brady</u> impeachment material which is a proper subject of discovery under <u>Giglio</u>. Accordingly, the motion will be granted and an order will be entered requiring the government to disclose such materials no later than 10 days prior to trial.

### Motion to Disclose Government Expert Witness Testimony

Downey (#192, joined by Dixon, Minor and Magura) has filed a motion for discovery and proffer of government expert witness testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G). Dixon's general discovery motion likewise contains a request for the production of a summary of any expert witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert.

In response, the government notes that it already has provided expert witness reports to the defendants in discovery and indicates that it promptly will provide to the defendants any additional expert witness reports it may obtain. In addition, the

AO 72
(Rev. 8/82)

government asserts that it will obtain the curriculum vitae of any testifying expert witness and provide it to the defendants.

As the government has acknowledged its discovery responsibilities under Rule 16(a)(1)(G), the defendants' motions will be granted.

Motions for Leave to File Additional Pretrial Motions

Samolovitch (#158-5) and Downey (#195, adopted by Dixon, Minor and Magura) have filed motions for leave to file additional pretrial motions. In light of the fact that all of the defendants were provided more than ample opportunity to file pretrial motions, these motions will be denied.[4]

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: July 3, 2012

cc: Margaret E. Picking
Assistant U.S. Attorney

All Defense Counsel of Record

---

[4] Of course, to the extent any defendant wishes to file motions in limine as to evidentiary matters or other trial related matters, they will be permitted to do so.